```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                       :
BOBBI A. RITCHIE,                                      :
                                                       :    CASE NO. 1:14-CV-01517
         Plaintiff,                                    :
                                                       :
vs.                                                    :    OPINION & ORDER
                                                       :    [Resolving Docs. No. 25]
CAROLYN W. COLVIN,                                     :
Acting Commissioner of Social Security,                :
                                                       :
         Defendant.                                    :
                                                       :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Bobbi Ritchie moves the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] Though the Commissioner does not dispute her entitlement to fees, the Commissioner challenges the reasonableness of the hours billed on the case, the hourly attorney billing rates used in calculating in the fee application, and the hourly rate for the appellate assistant.[2] For the reasons stated below, the Court finds that the attorney's fees should be awarded at the rate of $185.75 per hour for 37.1 hours and the requested fees for Appellate Assistant Shriver should be awarded at the rate of $40 per hour for 3.2 hours.

**I. Background**

On July 10, 2014, Plaintiff Bobbi Ritchie filed a complaint seeking review of the Defendant Commissioner of Social Security's decision to deny her application for supplemental security income

---

[1] Doc. 25.
[2] Doc. 26.

-1-

Case No. 1:14-cv-1517
Gwin, J.

and disability benefits.[3/] On June 29, 2015, Magistrate Judge George J. Limbert issued a Report and Recommendation, which recommended that the Court reverse the ALJ's decision and remand the case.[4/] The remand is under 42 U.S.C. § 405(g), sentence four.[5/] This Court adopted in full the Report and Recommendation.[6/]

On October 20, 2015, Ritchie filed this application for attorney's fees under the Equal Access to Justice Act, ("EAJA"), which provides that:

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[7/]

Plaintiff Ritchie seeks an award of $7234, representing 37.1 hours of attorney work at the rate of $190.00 per hour and 3.7 hours of appellate assistant work at the rate of $50 per hour.[8/]

## II. Legal Standard

Under the EAJA, a prevailing party in litigation with the United States is presumptively entitled to reasonable attorney's fees unless the government shows that the position of the United States was substantially justified, or that special circumstances make an award unjust.[9/] A Social Security claimant who obtains a remand order from a federal district court pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA.[10/]

The EAJA provides that attorney's fees should be awarded at a rate "based upon prevailing

---

[3/] Doc. 1 at 2.
[4/] Doc. 20.
[5/] Doc. 25 at 2.
[6/] Doc. 23.
[7/] 28 U.S.C. § 2412(d)(1)(A).
[8/] Doc. 25 at 4.
[9/] 28 U.S.C. § 2412(d)(1)(A).
[10/] *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Case No. 1:14-cv-1517
Gwin, J.

market rates for the kind and quality of the services furnished."[11] If, however, the rate is above the presumptive $125.00 statutory cap, the court must determine "that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved" justifies a higher fee.[12] A prevailing party "bears the burden of producing appropriate evidence to support the requested increase."[13]

The Court must also consider whether the Plaintiff made a request for a "reasonable" number of hours.[14] "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."[15] The fee applicant should excluded hours that are "excessive, redundant, or otherwise unnecessary" from fee requests.[16] Sister courts in this District have held that fee requests in Social Security cases are reasonable when the hours range from twenty to forty hours.[17] The Sixth Circuit has made clear, however, that the relevant question is not the number of hours required in *"most* social security cases, but what did *this* case require."[18]

A party may request fees for work performed by a paralegal or assistant. But "purely clerical or secretarial tasks should not be billed" under fee shifting statutes.[19]

---

[11] 28 U.S.C. § 2412(d)(2)(A)
[12] *Id.*
[13] *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).
[14] 28 U.S.C. § 2412(d)(2)(A)
[15] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1984).
[16] *Id.* at 434.
[17] *See, e.g.*, *Hawk v. Astrue*, 2013 WL 139799 (N.D.Ohio Jan. 10 2013) (citing thirty to forty hours); *Gonzalez v. Colvin*, 14-CV-601 (N.D.Ohio June 24, 2015) (citing twenty to thirty hours).
[18] *Glass v. Sec'y of Health and Human Servs.*, 822 F.2d 19, 20 (6th Cir. 1987).
[19] *Dallas v. Comm'r of Social Sec.*, 2014 WL 1767814 (May 2, 2014) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)).

Case No. 1:14-cv-1517
Gwin, J.

### III. Discussion

The parties do not dispute Ritchie's entitlement to attorney's fees. The questions at hand are whether the attorney and appellate assistant hourly rates are reasonable, and whether the number of billed hours are reasonable.

*A. Attorney Hourly Rate*

Plaintiff Ritchie requests $190.00 per hour for attorney's fees. In demonstrating a higher prevailing market rate than the presumptive $125.00, Plaintiff cites to recent decisions in the Northern District of Ohio approving higher rates. She also submits affidavits of local Social Security attorneys, an Ohio State Bar Association Survey, Bureau of Labor Statistics data, and the All Urban Consumers Price Index (CPI) data.[20]

The Commissioner requests that the fees be lowered to $185.75 per hour. The Commissioner argues that Plaintiff improperly relies on the national CPI data rather than the Midwest Regional CPI.

Plaintiff Richie has met her burden of showing that prevailing market rates are above $125.00 per hour. Among the persuasive evidence presented, data from the 2010 Ohio State Bar Association report indicates that the median billing rate in the Cleveland area was $210.00. The median billing rate in the field of administrative law was $180.00.[21] The Commissioner is correct, however, that in determining the appropriate rate, the regional CPI is the most accurate reflection of the "prevailing" market rate.[22] The attorney hourly rate reasonable under the EAJA is $185.75 per hour.

---

[20] Doc. 25 at 9-10; Doc. 25-4 to -11.
[21] Doc 25-8 at 3.
[22] *See Killings v. Comm'r of Social Sec. Admin.*, 2009 WL 3614956 (N.D. Ohio Oct. 28, 2009) (finding that the Midwest Region CPI is "reasonable and perhaps most accurate as it represents the cost of living increase on a local basis); *Killings v. Comm'r of Social Sec. Admin.*, 2009 WL 5171828 (N.D. Ohio Dec. 21, 2009) (declining to modify
(continued...)

Case No. 1:14-cv-1517
Gwin, J.

*B. Appellate Assistant Hourly Rate*

Plaintiff Ritchie requests $50.00 per hour for the work of Appellate Assistant Shriver. In opposition, the Commissioner states that $40.00 per hour is reasonable.

Plaintiff Ritchie has not met her burden in demonstrating that $50.00 is reasonable. In comparison to the extensive evidence put forward justifying the Plaintiff's attorney hourly rate, Plaintiff has provided no concrete metrics for the appellate assistant hourly rate. Plaintiff points to no EAJA legal standard for reviewing the rate of non-attorney assistants. And Plaintiff only identifies two cases where the $50.00 rate was approved. In both cases, the application was approved because the Commissioner failed to oppose.[23]

Plaintiff failed to meet her burden in justifying an assistant hourly rate of $50.00. The Commissioner requests that the assistant be awarded $40.00 per hour, and only objects to the $10.00 dollar difference. As a result, the Court finds that $40.00 per hour is the reasonable rate for the work of Appellate Assistant Shriver.

*C. Number of Hours*

Plaintiff requests 37.1 hours of attorney time and 3.7 hours of appellate assistant time. In

---

[22]/(...continued) previous order using the Midwest Region CPI because "The Sixth Circuit has left the matter of adjusting for increases in the Consumer Price Index to the sound discretion of the district court"); *cf. Begley v. Sec'y of Health and Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992) ("While adjustments for increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, this court leaves the matter to the sound discretion of the district court.")

[23]/ The Commissioner has not been able to point to persuasive evidence either for its preference of the $40 rate. Rather, the Commissioner cites to other decisions from this District with conclusory findings that $40 was a reasonable assistant hourly rate.

Case No. 1:14-cv-1517
Gwin, J.

support of these requests, Plaintiff submits detailed time sheets. The Plaintiff has already reduced some time entries. Plaintiff also explains that while some portions of previous briefing was re-used, the brief still required new sections and a review of the underlying record.

The Commissioner opposes these fee requests as "excessive" and "redundant." The Commissioner argues that the preparation of the brief should not have taken the this amount to time "considering Mr. Roose also represented Plaintiff at the administrative level and considering his 30 years of experience." The Commissioner also argues that briefing was "typical" and that the time sheets represent "duplication" because of entries for conferences between the attorneys.

By submitting time sheets and a detailed explanation of the work done, Plaintiff has met her burden in "establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."

The Commissioner's opposition to the fee request fails. The Commissioner appears to have confused responsible and competent client representation with "duplication" and "redundancy." It takes time to review a record and draft a brief, even if the client was previously represented by the same counsel. While excessive time conferring with other attorneys could potentially raise concerns, the entries that the Commissioner points to are limited and reasonable for communication between attorneys. There is no indication here that the time sheets represent anything other than the number of hours that this case required to fully and fairly litigate. Moreover, while the numbers maybe be on the high end of average range, they are still within the average range.

The Commissioner also argues that the 2 hours spent by Appellate Assistant Shriver should be reduced. The entry at issue is for "outlin[ing] and beginning language for Plaintiff's brief (includes captions, formats, headings, review of transcript argument raised in prior briefs, conversion

Case No. 1:14-cv-1517
Gwin, J.

of exhibit numbers to Transcript pages, assembling prior language on contentions raised). The Court finds that work such as "formats" appears to be clerical in nature. As a result, the Court will reduce the hours spent by Appellate Assistant Shriver by 0.5 hours.

### IV. Conclusion

For the reasons above, the Court **GRANTS** Ritchie's application, **AWARDS** attorney's fees to Ritchie at the rate of $185.75 per hour for 37.1 hours and $40 per hour for 3.2 hours. The Court **ORDERS** payment of $7019.32, consistent with this opinion.

IT IS SO ORDERED.

Dated: September 11, 2015    s/ *James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE